IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF TRANSPORTATION, DIVISION OF HIGHWAYS,**
**Employer Below, Petitioner**

**FILED**
**June 27, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-461**          (WorkForce W. Va. Bd. of Rev. Case No. R-2024-2108)

**VICKI L. WEST,**
**Claimant Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official capacity as Acting Commissioner of WorkForce West Virginia, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Transportation, Division of Highways ("WVDOT") appeals the November 13, 2024, decision from the WorkForce West Virginia Board of Review ("Board"), which affirmed the decision of the administrative law judge ("ALJ"), granted Respondent Vicki L. West unemployment compensation benefits, and denied WVDOT's request for a remand. Ms. West filed a response, and WVDOT filed a reply.[1] Scott A. Adkins, in his capacity as the Acting Commissioner of WorkForce West Virginia ("WorkForce") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the Board's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. West was employed by WVDOT as a transportation office assistant coordinator from October 29, 2018, until she voluntarily resigned from her position on August 10, 2024, due to alleged discrimination and harassment by her supervisor. After she resigned,

---

[1] WVDOT is represented by Amy A. Osgood, Esq. Ms. West is represented by R. Jared Lowe, Esq.

Ms. West applied for unemployment compensation benefits. On August 28, 2024, a WorkForce claims deputy found Ms. West was disqualified from unemployment benefits because she failed to present evidence to show WVDOT's actions constituted abuse, hostility, or discrimination. Ms. West timely appealed the deputy's decision to the ALJ. On September 17, 2024, the ALJ held a telephonic hearing where only Ms. West was present. On that same date, the ALJ entered a written decision which reversed the decision of the deputy and concluded that Ms. West was entitled to unemployment compensation benefits because she met her burden to show she left work voluntarily with good cause due to the fault of WVDOT.

WVDOT states it was first notified of the ALJ's hearing when it received a copy of the ALJ's decision by mail on September 26, 2024. The ALJ's decision acknowledges that the notice of hearing was mailed to WVDOT on September 6, 2024, but was returned to the Board on September 10, 2024, with no reason provided for the return. The ALJ's decision further states that the notice of hearing was re-mailed to WVDOT on September 10, 2024. On September 30, 2024, WVDOT appealed the ALJ's decision and, on October 18, 2024, WVDOT filed a request for remand asking the Board to remand this case to the ALJ for an additional hearing because WVDOT did not receive proper notice. On November 13, 2024, the Board affirmed the decision of the ALJ and denied WVDOT's request for remand because good cause was not shown. It is from this order that WVDOT now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, WVDOT asserts three assignments of error. First, WVDOT argues that the Board erred in affirming the decision of the ALJ because WVDOT did not receive proper notice of the ALJ's hearing and was not provided a fair and reasonable opportunity to be heard. WVDOT's second assignment of error similarly argues that the Board erred when it found WVDOT failed to show good cause to remand this case back to the ALJ for a new hearing. We agree. West Virginia Code § 21A-7-8 (1978) states, in part, as follows:

> Upon appeal from the determination of a deputy, an individual shall be entitled to a fair hearing and reasonable opportunity to be heard before an appeal tribunal . . . . Within eight days after receipt by the board of notice of appeal from the decision of a deputy, the board shall fix the time and place

2

> for hearing such appeal, and notify the claimant, last employer, and the commissioner, ten days in advance of the date set for hearing.

In addition, West Virginia Code of State Rules § 84-1-3.5 (2018) states that the notice of hearing "shall be mailed to all interested parties and their counsel at least (10) days in advance of the hearing date[.]" In this case, the ALJ's decision states that the notice of hearing for the September 17, 2024, hearing was mailed to WVDOT on September 6, 2024, but was returned to the Board on September 10, 2024, with no reason provided for the return. The ALJ further noted that this notice was re-mailed to WVDOT on September 10, 2024, which was less than ten days before the hearing was scheduled. West Virginia Code § 21A-7-8 requires the Board to provide ten days' notice of the ALJ's hearing to Ms. West's last employer, which was WVDOT. As this Court has held previously, the Board's failure to provide ten days' notice to a party denies that party a fair hearing and reasonable opportunity to be heard. *See Vannest v. Cox Energy Indus. Coatings & Cleaning, LLC*, No. 24-ICA-157, 2025 WL 658764, at *3 (W. Va. Ct. App. Feb. 28, 2025). As a result, this case was not properly before the ALJ on September 17, 2024, and the Board erred by denying WVDOT's request for remand and by adopting the ALJ's decision. Therefore, we vacate the Board's decision.[2]

Accordingly, we vacate the Board's November 13, 2024, decision and remand this matter to the Board with instructions for the Board to enter an order remanding this matter to the ALJ for a de novo hearing on the merits of WVDOT's appeal after the parties are given sufficient notice of the hearing, consistent with this decision.

Vacated and Remanded.

---

[2] WVDOT's third assignment of error argues the Board failed to provide adequate findings of fact and conclusions of law to support its denial of WVDOT's request for a remand. We agree. As we have previously held, simply stating that a "request for remand is denied in as much as good cause was not shown" is "legally insufficient, as it fails to set forth sufficient findings of fact and conclusions of law for a meaningful appellate review." *Bickford v. Workforce W. Va.,* No. 22-ICA-276, 2023 WL 7202564, at *4 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision). Thus, in accordance with *Bickford*, we find that the Board's denial of WVDOT's request for remand was legally insufficient.

**ISSUED:**  June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White